**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| DANIEL W. TAYLOR, | : | PRISONER CIVIL RIGHTS |
| ID # 0816052, | : | 42 U.S.C. § 1983 |
|     Plaintiff, | : | |
| | : | |
|     v. | : | |
| | : | |
| THE FULTON COUNTY SHERIFF | : | CIVIL ACTION NO. |
| DEPARTMENT; SHERIFF | : | 1:08-CV-3262-CAP |
| MYRON E. FREEMAN; and SGT. | : | |
| WESLEY CARMACK, | : | |
|     Defendants. | : | |

**<u>ORDER</u>**

Plaintiff, Daniel W. Taylor, presently confined in the Fulton County Jail in Atlanta, Georgia, filed a complaint on October 16, 2008 [Doc. No. 1]. On November 4, 2008, Magistrate Judge Walker granted the plaintiff leave to proceed in forma pauperis [Doc. No. 3] and directed that the case be submitted for frivolity review. The plaintiff has sent correspondence to the undersigned, which the court has directed be filed as amendments to the original complaint [Doc. Nos. 5, 7 and 8]. Additionally, the plaintiff has filed a complaint marked as "Amended" [Doc. No. 9]. The court will conduct a frivolity review pursuant to 28 U.S.C. § 1915A on the claims alleged in these filings. Also pending are the plaintiff's motion for

AO 72A
(Rev.8/82)

appointment of counsel [Doc. No. 4] and motion for leave to amend relief requested [Doc. No. 6].

## I.     Motion for Appointment of Counsel

Plaintiff asks this court to appoint an attorney to represent him because, he contends, "[t]he issues in this case are complex," investigation and discovery are needed, and he "has never before been a party to a civil legal proceeding." (Doc. 4). "A plaintiff in a civil case has no constitutional right to counsel." Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999). A district court may, however, exercise its broad discretion to appoint counsel, under 28 U.S.C. § 1915(e)(1). Bass, 170 F.3d at 1320. "The appointment of counsel . . . is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." Dean v. Barber, 951 F.2d 1210, 1216 (11th Cir. 1992). For purposes of this frivolity determination, Plaintiff's factual contentions are accepted as true. Further, Plaintiff's legal claims are straightforward.  This case does not present exceptional circumstances that would require the assistance of counsel, and thus, Plaintiff's motion for appointment of counsel is denied.

2

## II. Motion for Leave to Amend Relief Requested

Plaintiff asked this court to allow him to amend his complaint to include a request for injunctive relief. (Doc. 6). Plaintiff, however, has since withdrawn his request for injunctive relief. (Doc. 9 at ¶ V). Therefore, Plaintiff's motion for leave to amend [Doc. No. 6] relief requested is DISMISSED as moot.

## III. Frivolity Review

### A. Standard of Review

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint to determine whether the action (1) is frivolous or malicious, or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A complaint may be dismissed for failure to state a claim when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Brower v. County of Inyo, 489 U.S. 593, 598 (1989).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claims, then the complaint is subject to dismissal, pursuant to 28 U.S.C. § 1915A. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, __, 127 S. Ct. 1955, 1974 (2007) (the "complaint must be dismissed" when a plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face," not merely "conceivable"); Papasan v. Allain, 478 U.S. 265, 286 (1986) (the court accepts as true the plaintiff's factual contentions, not his or her legal conclusions that are couched as factual allegations).; Beck v. Interstate Brands Corp., 953 F.2d 1275, 1276 (11th Cir. 1992) (the court cannot read into a complaint non-alleged facts).

**B.     Plaintiff's Allegations**

As an initial matter this court notes that the Fulton County Sheriff's Department is not a "person" within the meaning of § 1983. Accordingly, this entity is not a proper defendant to this action. See Hale, 50 F.3d at 1582. Also

4

Plaintiff's claims against Defendant Freeman, Sheriff of Fulton County, appear to be premised upon a theory of respondeat superior, which is an insufficient basis for § 1983 liability. See Rogers v. Evans, 792 F.2d 1052 (11th Cir. 1986); Hewett v. Jarrard, 786 F.2d 1080 (11th Cir. 1986); Gilmere v. City of Atlanta, 774 F.2d 1495 (11th Cir. 1985). Plaintiff has presented no factual allegations that Freeman is liable in his official capacity for instituting an ordinance, policy, custom or practice that is the "moving force" behind the alleged deprivation of rights. Kentucky v. Graham, 473 U.S. 159 (1985); McLaughlin v. City of LaGrange, 662 F.2d 1385, (11th Cir. 1981). Therefore, the claims against Freeman are subject to dismissal.

1. Excessive Force

Plaintiff alleges that, on May 9, 2008, Defendant Carmack, a Fulton County Deputy Sheriff who was working as a security officer at Plaintiff's apartment complex, kicked in Plaintiff's door and entered the apartment "without knocking, identifying himself or stating his purpose." (Doc. 9 at ¶ IV). Plaintiff maintains that Defendant Carmack did not have a warrant, probable cause or, exigent circumstances to justify his actions. (Id.). Plaintiff states that Defendant Carmack beat and shot him. (Id.). Plaintiff contends that maintenance men then assisted Defendant Carmack in the beating and that Defendant Carmack illegally arrested

5

him. (Id.). After Atlanta police officers, who are not specifically identified or named as defendants in this action, arrived and handcuffed Plaintiff, "they falsified information in their police reports." (Id.). Plaintiff asserts that one of these unidentified officers violated his constitutional rights by obtaining "belated warrants" without disclosing to the magistrate that they had kicked in Plaintiff's door, beat him and shot him. (Id.).[1]

Claims that law enforcement officers used excessive force during an arrest are analyzed under the Fourth Amendment's prohibition against unreasonable seizures of the person. Graham v. Connor, 490 U.S. 386, 395 (1989). The issue in such cases is whether the arresting "officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Id. at 397. See also Brown v. City of Hialeah, 30 F.3d 1433, 1435-36, (11th Cir. 1994).

In light of Plaintiff's allegations, and in deference to his pro se status, this court cannot find that the excessive force claims against Defendant Carmack are

---

[1] The court notes that the while allegations of obtaining an arrest warrant by false swearing may survive a frivolity review, in this case, the plaintiff has alleged that someone other than the named defendant obtained the warrant at issue. See Fourth Amended Complaint and attachments thereto [Doc. No. 9] . Accordingly, the court does not address the allegations of false swearing.

entirely frivolous or malicious.  See Carroll, 984 F.2d at 393.  Therefore, Plaintiff's excessive force claims will be allowed to proceed as any other civil action.

    2.  Retaliation

In two letters to this court, construed as amendments to the complaint, Plaintiff contends that Defendant Carmack has threatened his life on two different occasions [Doc. Nos. 5 and 7].  Plaintiff states that Carmack "knows his job is on the line for what he did to me" [Doc. No. 5].

Punishing or retaliating against a prisoner for filing a grievance or a lawsuit violates the prisoner's First Amendment right to petition for the redress of grievances.  See Trobaugh v. Hall, 176 F.3d 1087 (11th Cir. 1999).  A retaliation claim has three elements:  (1) the prisoner engaged in protected conduct, (2) an adverse action was taken against the prisoner that would deter a person of ordinary firmness from continuing to engage in that conduct, and (3) a causal connection exists between the first two elements, i.e., the prisoner's protected conducted motivated at least in part the adverse action.  Thaddeus-X v. Blatter, 175 F.3d 378, 394 (6th Cir. 1999).

In light of the allegations presented by Plaintiff regarding threats and harassment by Defendant Carmack, and in deference to Plaintiff's pro se status, the

7

court cannot find that Plaintiff's retaliation claims against Defendant Carmack are "clearly baseless" or "indisputably meritless." Carroll, 984 F.2d at 393. Therefore, Plaintiff's retaliation claims against Defendant Carmack will be allowed to proceed as any other civil action

### 3. False Arrest/ False Imprisonment

To the extent that Plaintiff seeks damages under § 1983 for his alleged unconstitutional arrest and imprisonment, the Supreme Court has held that a plaintiff seeking such relief, which would necessarily imply the invalidity of his conviction or sentence, must first demonstrate that his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). If this type of action is brought prior to the invalidation of the challenged conviction or sentence, it must, therefore, be dismissed as premature. Id. at 487. The instant complaint fails to show that Plaintiff's detention has been so reversed or invalidated. Therefore, Plaintiff's claims concerning his arrest and imprisonment are dismissed.

VII.     **Conclusion**

The plaintiff's motion for appointment of counsel [Doc. No. 4] is DENIED.

The plaintiff motion for leave to amend his claim for relief [Doc. No. 6] is DISMISSED as moot.

**IT IS ORDERED** that, pursuant to 28 U.S.C. § 1915A, Plaintiff's claims against the Fulton County Sheriff's Department and Myron E. Freeman are **DISMISSED**.  Additionally, Plaintiff's claim regarding false arrest and false imprisonment against all defendants are DISMISSED.  Plaintiff's claims regarding (1) excessive force during arrest and (2) retaliation against Defendant Carmack are **ALLOWED TO PROCEED** as any other civil action.

The Clerk is hereby **DIRECTED** to send Plaintiff the USM 285 form, summons, and the initial disclosures form. Plaintiff is **DIRECTED** to complete the USM 285 form, summons, and the initial disclosures form, and to return one of each within twenty (20) days from the entry date of this Order to the Clerk of Court. Plaintiff is warned that failure to comply in a timely manner could result in the dismissal of this civil action.  The Clerk is **DIRECTED** to resubmit this action to the undersigned if Plaintiff fails to comply.

9

AO 72A
(Rev.8/82)

Upon receipt of the forms by the Clerk, the Clerk is **DIRECTED** to prepare a service waiver package for Defendant. The service waiver package must include two (2) Notices of Lawsuit and Request for Waiver of Service of Summons (prepared by the Clerk), two (2) Waiver of Service of Summons forms (prepared by the Clerk), an envelope addressed to the Clerk of Court with adequate first class postage for use by Defendant for return of the waiver form, one (1) copy of the complaint, one (1) copy of the initial disclosures form, and one (1) copy of this Order. The Clerk shall retain the USM 285 forms(s) and the summons(es).

Upon completion of the service waiver package(s), the Clerk is **DIRECTED** to complete the lower portion of the Notice of Lawsuit and Request for Waiver form and to mail the service waiver package(s) to Defendant. Defendants have a duty to avoid unnecessary costs of serving the summons. If Defendant fails to comply with the request for waiver of service, that Defendant must bear the costs of personal service unless good cause can be shown for failure to return the Waiver of Service form.

In the event Defendant does not return the Waiver of Service form to the Clerk of Court within thirty-five (35) days following the date the service waiver package was mailed, the Clerk is **DIRECTED** to prepare and transmit to the U.S.

10

Marshal's Service a service package for Defendant. The service package must include the USM 285 form, the summons, and one (1) copy of the complaint. Upon receipt of the service package(s), the U.S. Marshal's Service is **DIRECTED** to personally serve any Defendant who failed to waive service. The executed waiver form or the completed USM 285 form shall be filed with the Clerk.

Plaintiff is **DIRECTED** to serve upon Defendant or his counsel a copy of every additional pleading or other document which is filed with the Clerk of the Court. Each pleading or other document filed with the Clerk shall include a certificate stating the date on which an accurate copy of that paper was mailed to Defendant or his counsel. This court shall disregard any submitted papers which have not been properly filed with the Clerk or which do not include a certificate of service.

Plaintiff is also **REQUIRED** to **KEEP** the court and Defendant advised of his current address at all times during the pendency of this action. Plaintiff is admonished that the failure to do so may result in the dismissal of this action.

11

This case **SHALL PROCEED** on a four (4) month discovery track, beginning thirty (30) days after the appearance of Defendant by answer to the complaint, subject to extension by motion filed prior to the expiration of that discovery period.  See N.D. Ga., LR 26.2.A & B.

**IT IS SO ORDERED**, this 25th day of February, 2009.

/s/ Charles A. Pannell, Jr.
CHARLES A. PANNELL, JR.
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)